E-FILED
Monday, 16 November, 2026 01:14:44 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **ROGER NUNLEY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:26-cv-3246-SEM** |
| | ) | |
| **BRITTANY GREENE *et al.*,** | ) | |
| **Defendants.** | ) | |

**MERIT REVIEW ORDER**

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Roger Nunley, an inmate at Western Illinois Correctional Center ("WICC"), filed a complaint (Doc. 1) under 42 U.S.C. § 1983. Thereafter, Plaintiff filed two amendments to his complaint (Docs. 7, 10). In addition, Plaintiff filed two Motions for Counsel (Docs. 6, 9) and a Motion for Status (Doc. 18).

For the following reasons, the Court finds that Plaintiff's initial pleading states a plausible Fourteenth Amendment claim. Plaintiff's Motion for Leave to File an Amended Complaint is denied, but his Motion for Leave to File a Second Amended Complaint is granted. The Court denies Plaintiff's Motions for Counsel. Plaintiff's Motion

for Status is moot with the entry of the Court's Order.

# I. PLEADINGS

## A. The Screening Standard

Plaintiff's pleadings are before the Court for merit review under 28 U.S.C. §1915A, which requires the Court to "screen" the complaints, and through such process, identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. A plaintiff must provide enough facts to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Plaintiff's Motions for Leave

The Court denies Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 7) as Plaintiff has not signed his amended pleading. *See* Fed. R. Civ. P. 11 ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.").

However, the Court grants Plaintiff's Motion to File a Second Amended Complaint. *See Id.* ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the … party's attention.").

### C. Plaintiff's Second Amended Complaint

Plaintiff alleges an unauthorized deduction from his trust fund account while at WICC against Commissary Supervisor John Doe and former WICC Warden Brittany Greene.

Specifically, Plaintiff explains that on February 6, 2026, he had $72.79 in his trust fund account. Plaintiff states that sometime thereafter, he should have had a $58.29 balance, but Defendant

Doe deducted his entire balance and told Plaintiff to leave. Plaintiff went to Internal Affairs and reported the unauthorized transaction to "the man at the desk," who stated he would speak to Defendant Greene. (Doc. 1 at 1.) Plaintiff claims the unidentified official never spoke to Greene. Plaintiff claims that, on April 3, 2026, he received twenty days of segregation for reporting the alleged deduction.

An inmate has "a protected property interest in funds in his … trust account." *Lindell v. Pollard*, 681 F. App'x 518, 521 (7th Cir. 2017). Where deprivation of funds occurred "as a result of an established state procedure and was not random and unauthorized," then "the availability of state remedies does not foreclose [a] claim." *Id.*; *see also Hudson v. Palmer*, 468 U.S. 517, 532 (1984) ("[P]ostdeprivation remedies do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized action."); *Armstrong v. Daily*, 786 F.3d 529, 543 (7th Cir. 2015) ("[A]n official's subversion of established state procedures is not 'random and unauthorized' misconduct.").

The Court finds that Plaintiff has sufficiently alleged a Fourteenth Amendment due process claim against Defendant Doe, but not Defendant Greene, as Plaintiff's facts do not show that Greene knew of the alleged deprivation. However, because the Clerk of the Court cannot serve process on a Doe Defendant, WICC Warden Justin Maher is added as a party solely to facilitate identification of the unknown Defendants. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation" by "allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible.").

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and

(2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff does not state a claim regarding his transfer to segregation without additional information establishing a violation of a constitutional right, which is absent from Plaintiff's account.

The Court also notes that Plaintiff's last sentence in his factual account states that Corrections Officer Vanbarber "stood at the chuck and watched the accident" but did not stop "the torture." (Doc. 1 at 1). Plaintiff does not provide any context for this statement. Thus, to the extent Plaintiff intended also to name Vanbarber as a Defendant, he fails to provide sufficient facts to state a plausible claim.

## II. Counsel and Status

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The Court can only ask for volunteer counsel. *See Jackson v.*

*County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motions for Counsel (Docs. 6, 9) are denied because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

Plaintiff's Motion for Status (Doc. 18) is moot upon entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1) **The Court DENIES Plaintiff's Motion for Leave to file an amended complaint (Doc. 7).**

2) **Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 10) is GRANTED for Motion for Status (Doc. 18) is MOOT.**

3) **Plaintiff's Motions for Counsel (Docs. 6, 9) are DENIED.**

4) **According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with the following Fourteenth Amendment claims against Defendant Doe. WICC Warden Justin Maher is added as a party solely to facilitate Doe's identification. Plaintiff's Fourteenth Amendment claims proceed in an individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

5) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

6) **The Court will attempt service on Defendant Maher by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

7) **If a Defendant no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk of the Court Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

8) **An Answer shall be filed within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, the Court does not rule on the merits of positions asserted in an Answer unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.**

9) **This District uses electronic filing, which means that after counsel has filed an appearance, counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.**

10) **Counsel is granted leave to depose Plaintiff at his place of confinement and shall arrange the time for the deposition.**

11) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

12) **If Defendant Maher fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

13) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

14) **The Court directs the Clerk to attempt service on Defendant Maher under the standard procedures.**

ENTERED November 16, 2026.

s/ *Sue E. Myerscough*

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE